2014 SEP -2 AM 11: 01



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

TOWNE OWNERS ASSOCIATION,        )
                                 )    No. 70604-7-I
            Plaintiff,           )
                                 )    DIVISION ONE
      v.                         )
                                 )
BRIAN D. BECKMANN and JANE DOE   )
BECKMANN, husband and wife, and  )
their marital community; and     )
MORTGAGE ELECTRONIC              )
REGISTRATION SYSTEMS, INC.,      )    UNPUBLISHED OPINION
a Delaware corporation,          )
                                 )    FILED: September 2, 2014
            Defendants.          )
_____)
DCR SERVICES, LLC, a Washington  )
limited liability company,       )
                                 )
            Appellant,            )
                                 )
      v.                          )
                                 )
THE CONDO GROUP, LLC, a          )
Washington limited liability company, )
                                 )
            Respondent,           )
                                 )
BANK OF AMERICA, N.A., a national )
banking association, NORTHWEST   )
TRUSTEE SERVICES, INC., a        )
Washington corporation,          )
                                 )
            Third-Party          )
            Defendants.          )
_____)
BANK OF AMERICA, N.A., a national )
banking association,             )
                                 )
            Fourth-Party          )
            Plaintiff,            )



v.                              )
                                )
                                )
TOWNE OWNERS ASSOCIATION,       )
                                )
            Fourth-Party        )
            Defendant.          )
_____ )

BECKER, J. — This appeal arose from an attempt to gain a windfall by use of an erroneous interpretation of Washington's redemption statute, former RCW 6.23.010 (1987). Appellant DCR Services LLC was not a proper redemptioner. We affirm the order of dismissal granted on summary judgment.

The real estate in question is unit 38 in a Bellevue condominium managed by Towne Owner's Association. Brian Beckmann purchased unit 38 with lender financing. He signed a promissory note for $357,100 on February 15, 2007, secured by a deed of trust on unit 38.

Beckmann became delinquent in his dues for common area expense assessments owed to Towne. Towne, the condominium association, had a lien for these unpaid assessments under the Condominium Act, RCW 64.34.364. In March 2011, Towne foreclosed on the lien and obtained a default judgment against Beckmann. As a result of the filing of the lawsuit, the lender's deed of trust was "reprioritized" under the act, and at that instant, the lender "became a subordinate junior lienholder whose lien interests were extinguished," thus bringing into play the provisions of the redemption statute. BAC Home Loans Servicing, LP v. Fulbright, __ Wn.2d ___, 328 P.3d 895, 900 (2014).

The trial court entered an order of sale commanding the sheriff to seize and sell the property. The Condo Group LLC, respondent herein, purchased unit

38 at the sheriff's sale on August 5, 2011, for $6,200. At this point, both Beckmann and the lender had redemption rights. The court order allowed for a one year redemption period.

In April 2012, appellant DCR Services LLC—an entity with no previous connection to unit 38—entered into a transaction with Beckmann. The transaction was designed to make DCR a statutory redemptioner with the right to redeem unit 38 from The Condo Group. DCR loaned Beckmann $2,500. As security for the loan, Beckmann gave DCR a deed of trust on unit 38 and signed a promissory note. For an additional $2,500, Beckmann quitclaimed to DCR all of his rights in the property, including redemption rights created by the sheriff's sale. The promissory note relieved Beckmann of any personal liability in the event he defaulted on the loan. It also limited DCR's remedy to foreclosing on the property interest secured by the note.

DCR delivered a letter to the sheriff asserting its intent to redeem unit 38.

The redemption statute, before its amendment in 2013, provided that property sold subject to redemption could be redeemed by a creditor with a lien that is "subsequent in time" to that on which the property was sold:

> (1) Real property sold subject to redemption, as provided in RCW 6.21.080, or any part thereof separately sold, may be redeemed by the following persons, or their successors in interest:
> (a) The judgment debtor, in the whole or any part of the property sold.
> (b) A creditor having a lien by judgment, decree, deed of trust, or mortgage, on any portion of the property, or any portion of any part thereof, separately sold, *subsequent in time* to that on which the property was sold. The persons mentioned in this subsection are termed redemptioners.

> (2) As used in this chapter, the terms "judgment debtor," "redemptioner," and "purchaser," refer also to their respective successors in interest.

Former RCW 6.23.010 (emphasis added).

As changed by the amendment in 2013, the statute now reads that a redemptioner includes any claimant having a lien "subsequent in priority" instead of "subsequent in time" to the foreclosing lien. RCW 6.23.010(1)(b). The amendment is not at issue in this appeal.

DCR did not claim to be a successor of the judgment debtor, Beckmann. DCR claimed to be a redemptioner under former RCW 6.23.010(1)(b) as a creditor having a lien on unit 38 "subsequent in time" to the lien on which the property was sold, i.e., subsequent to the Towne lien for the unpaid assessments.

The Condo Group objected to giving DCR status as a redemptioner. This litigation ensued between DCR and The Condo Group. Both parties moved for summary judgment. The Condo Group argued that a lien creditor is eligible to be a redemptioner only if the lien held by the creditor is one that was extinguished in the sheriff's sale. The trial court granted The Condo Group's motion, finding that DCR was not a proper redemptioner.

DCR appeals. Appellate courts review appeals of summary judgment de novo, performing the same inquiry as the superior court. Hisle v. Todd Pac. Shipyards Corp., 151 Wn.2d 853, 860, 93 P.3d 108 (2004).

At the time DCR filed this appeal, it had a viable theory with roots in Summerhill Vill. Homeowners Ass'n v. Roughley, 166 Wn. App. 625, 289 P.3d

4

645 (2012). We held in <u>Summerhill</u> that the phrase "subsequent in time" in former RCW 6.23.010(1)(b) was to be taken literally. <u>Summerhill</u>, 166 Wn. App. at 632-33. We followed <u>Summerhill</u>'s interpretation in <u>BAC Home Loans Servicing, LP v. Fulbright</u>, 174 Wn. App. 352, 298 P.3d 779 (2013), <u>reversed</u>, ___ Wn.2d ___, 328 P.3d 895 (2014). Relying on <u>Summerhill</u>, DCR argued that the plain language of the statute extended redemption rights on a foreclosed property to the holder of any valid lien created after the lien on which the property was sold in foreclosure. DCR's brief summarized its theory as follows:

> DCR is a redemptioner under the statute. DCR is a creditor, because it loaned money to Beckmann. DCR has a lien by the Deed of Trust it obtained from Beckmann. The lien is on the Property. And the lien is subsequent in time to that on which the sheriff's sale was conducted. DCR is a redemptioner.

The Supreme Court's recent decision in <u>Fulbright</u> makes DCR's theory no longer viable. The court held that under the former redemption statute, "it is not relevant which lien arises first, but which lien has statutory priority and can subordinate, under certain circumstances, other liens. Every interest extinguished in this manner comes under the redemption statute by operation of law." <u>Fulbright</u>, 328 P.3d at 900. The only reasonable way to interpret the phrase "subsequent in time" is to mean "when lien priority is established." <u>Fulbright</u>, 328 P.3d at 900. This interpretation gives effect to the policy underlying the right of redemption, which is to give junior lienholders an opportunity to salvage something from their investment after their title or lien has been extinguished by a foreclosure sale. <u>Fulbright</u>, 328 P.3d at 898.

5

DCR's interest was created nearly eight months after the foreclosure sale. Its interest was not affected in any way by Towne's foreclosure action. Following Fulbright, we conclude that DCR is not a proper redemptioner under former RCW 6.23.010 because DCR did not have a lien extinguished by the foreclosure sale.

DCR conceded this result at oral argument. DCR was asked whether "subsequent in time" applied only to those interests extinguished in a foreclosure sale. DCR responded that this court's holding in Summerhill allowed for redemption of nonextinguished liens. Asked how future attempts to create redemption rights after a foreclosure sale might be prevented, DCR responded that the easiest way would be to make the right of redemption contingent on having an interest extinguished by the foreclosure. The Fulbright decision did just that in its interpretation of the former redemption statute.

The trial court correctly granted summary judgment in favor of The Condo Group.

Affirmed.

Becker, J.

WE CONCUR: